UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARVIN E. OWENS, :
:
    Plaintiff, :
:
v. :   CASE NO. 3:17cv657(DFM)
:
DETECTIVE E. PEREZ, et al., :
:
    Defendants. :

## RULING AND ORDER

The plaintiff, Marvin Owens, who is self-represented, filed this civil rights action asserting a variety of claims against numerous defendants. (Doc. #1.) After a review of the complaint pursuant to 28 U.S.C. § 1915(e), I issued a recommended ruling recommending the dismissal of all defendants and claims with the exception of two claims against defendant Fitzgerald: (1) a § 1983 claim for unlawful seizure of the plaintiff's motorcycle and (2) a state law claim of defamation. (Doc. #8.) In January 2018, Judge Chatigny approved and adopted the recommended ruling. Pending before the court is the plaintiff's motion for leave to file an amended complaint.[1] (Doc. #21.) For the reasons that follow, the motion is denied.

The plaintiff now seeks to assert new causes of action and name 17 additional defendants. The plaintiff wants to add as

---

[1]Judge Chatigny referred the case to the undersigned for all pretrial matters. (Doc. #5.)

defendants: "the United States of America, State of Connecticut Agencies, Officers or employees;" Officer Jorge Cintron; Officer A. Perez; John Doe 1; John Doe 2; John Doe 3; Officer Beplio; Officer L. Perillo; Animal Control Officer S. Lougal; Sergeant Nikola; Sheriff Marettie; the State of Connecticut Department of Correction; Internal Affairs Officer E. Rivera; Bridgeport Mayor Joseph Ganim; Jane Doe; City of Bridgeport; and the Bridgeport Police Department. The proposed claims arise out of numerous and varied incidents including: a September 2015 attempted murder/carjacking; a November 2015 incident in which an officer entered his home while he was sleeping and placed a 911 call falsely reporting that the plaintiff had a firearm; a November 2016 incident involving the plaintiff's eviction; being misidentified as a "Tony Blackman," a registered sex offender; an August 2016 entry into the plaintiff's home by an Animal Control Officer to remove the plaintiff's puppy; "targeting" and "harassment" claims directed at Bridgeport Police; and failure to protect and intervene claims directed at the Bridgeport Police Department, City of Bridgeport, the State of Connecticut and the United States.

Fed. R. Civ. P. 15(a)(2) provides that leave to amend "should [be] freely give[n] . . . when justice so requires." "[L]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Where, as in this case, a party seeks to amend a complaint to add more defendants, "a court must also consider Rule 20(a) of the Federal Rules of Civil Procedure." Barclay v. Poland, No. 03-CV-6585CJS, 2010 WL 3657664, *3 (W.D.N.Y. 2010). "Whether a plaintiff may join separate individual defendants in one lawsuit is governed by Fed. R. Civ. P. 20(a)(2)." Orakwue v. City of New York, No. 11-CV-6183, 2013 WL 5407211, at *8 (E.D.N.Y. Sept. 25, 2013). Federal Rule of Civil Procedure 20 permits joinder of claims against multiple defendants only if two criteria are satisfied: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action."

"Leave to amend a complaint is properly denied when allegations asserted in the proposed amended complaint do not relate to claims asserted in the original complaint." Taylor v. Macomber, No. 97 CIV. 4127, 1999 WL 349696, at *6 (S.D.N.Y. May 27, 1999). See also St. Louis v. McClain, No. 3:18CV1590(AWT), 2018 WL 5634941, at *1 (D. Conn. Oct. 30, 2018) (dismissing complaint where the claims "raised in the plaintiff's complaint

3

are wholly unrelated to one another. They involve separate events and separate defendants and, thus, do not 'aris[e] out of the same transaction, occurrence, or series of transactions and occurrences.'"); Melvin v. Connecticut, No. 3:16CV537(RNC), 2016 WL 3264155, at *2 (D. Conn. June 14, 2016)(dismissing complaint for failure to comply with Rule 20 where the "complaint joins in one action claims that are wholly unrelated."); Klos v. Haskell, 835 F. Supp. 710, 715-16 (W.D.N.Y. 1993) (denying leave to amend complaint to add unrelated claims), aff'd, 48 F.3d 81 (2d Cir. 1995); Jones v. City of Buffalo, No. 96 Civ. 0739, 1997 WL 411910, at *2 (W.D.N.Y. July 15, 1997) (denying leave to amend where plaintiff sought to add new defendants and new claims having "absolutely no relation to events described" in first amended complaint).

As indicated, the operative complaint asserts claims against defendant Fitzgerald concerning seizure of a motorcycle and defamation. The plaintiff's proposed amended complaint fails to comply with the requirements of Rule 20(a)(2). The claims he seeks to add do not arise from the same occurrences and do not share common questions of law or fact. "As the claims do not need to be resolved in one lawsuit, they are improperly joined." DeAngelis v. Long, No. 3:18CV755(MPS), 2018 WL 2138634, at *6 (D. Conn. May 9, 2018). See Webb v. Maldonaldo, No. 3:13CV144(RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) (Plaintiff did not comply

4

with Rule 20 where "the complaint joins in one action claims that are wholly unrelated"); Wilson v. McKenna, No. 3:12CV1581(VLB), 2015 WL 1471908, at *6 (D. Conn. Mar. 31, 2015) (fact that all defendants injured plaintiff insufficient to warrant joinder).

For these reasons, the plaintiff's motion for leave to amend (doc. #21) is denied without prejudice.

This is not a recommended ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review.[2] See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

Any party may seek the district court's review of this recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties shall have fourteen (14) days from service of this report to serve and file written objections. See Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for Magistrate Judges. Failure to object timely to this ruling precludes any further judicial review of the decision. Knox v. Countrywide Bank, 673 F. App'x 31, 33B34 (2d Cir. 2016). See Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per

---

[2]A ruling on a motion for leave to amend is considered nondispositive, "requiring a 'clearly erroneous' standard of review." Sokol Holdings, Inc. v. BMB Munai, Inc., No. 05 CV 3749, 2009 WL 3467756, at *4 (S.D.N.Y. Oct. 28, 2009)(collecting cases).

5

curiam)("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"; Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

SO ORDERED at Hartford, Connecticut this 19th day of November, 2018.

```
           _____/s/_____
           Donna F. Martinez
           United States Magistrate Judge
```