UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN E. OWENS, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:17CV657(RNC) |
| E. PEREZ, et al., | : |
| Defendants. | : |

## RULING ON PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES

Pending before the court is the plaintiff's motion for leave to serve additional interrogatories. (Doc. #37.) The plaintiff requests permission to serve 19 additional interrogatories. The motion is denied without prejudice.

Rule 33 of the Federal Rules of Civil Procedure provides that absent a court order "a party may serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1). "A court may permit a party to serve additional interrogatories to the extent such additional discovery is consistent with the Federal Rules of Civil Procedure, Rule 26(b)(1) and (b)(2)." 7 James Wm. Moore et al., Moore's Federal Practice § 33.30[3][a] (3d ed. 2018). See also Fed. R. Civ. P. 33(a)(1).

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(b)(2)(C) provides that the court "must limit" the frequency or extent of discovery . . . if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery had ample opportunity to obtain the information by discovery in the action; or
(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

In considering a request to serve additional interrogatories, the court must "balance[e] the benefits of more discovery against the burden on the responding party." 7 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 33.30[3][b] (3d ed. 2018). "The propounding party nears the burden of persuading the court that the additional interrogatories are necessary under the circumstances of the case." <u>Id.</u>

Here, the plaintiff does not explain why he requires additional interrogatories. Nor is it clear from his motion as he did not submit the proposed interrogatories for the court's review. On the record before the court, the plaintiff has not met his burden of demonstrating that the additional interrogatories are necessary. The motion is denied without prejudice. <u>See</u> <u>Alston v.</u>

Sharpe, No. 3:13CV0001(CSH), 2015 WL 6395937, at *3 (D. Conn. Oct. 22, 2015)(denying plaintiff's request to serve additional interrogatories because the plaintiff failed to identify any "specific non-duplicative or noncumulative information he seeks from any Defendant, and has not attached any proposed additional interrogatories. Thus, the Court cannot determine whether his requests fall within the scope of Rule 26(b)(1), or whether the questions would be unreasonably cumulative or duplicative."); Charles v. Saundry, No. 3:06CV211(AHN)(HBF), 2007 WL 9706361, at *2 (D. Conn. Apr. 26, 2007) (denying request without prejudice where plaintiff did not submit copies of the proposed additional interrogatories).

For these reasons, the plaintiff's motion (doc. #37) is denied without prejudice.

SO ORDERED this 13th day of February 2019 at Hartford, Connecticut.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge