```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

MARVIN E. OWENS,                :
                                :
        Plaintiff,              :
                                :
v.                              :    CASE NO. 3:17-cv-657(RNC)
                                :
CAPTAIN FITZGERALD,             :
                                :
        Defendant.              :
```

RULING AND ORDER

As a result of prior rulings, two claims remain in this case brought by Marvin E. Owens, pro se ("plaintiff"), against Bridgeport Police Captain Brian Fitzgerald ("defendant"): a federal claim for unlawful seizure of a motorcycle; and a state claim for defamation. Captain Fitzgerald has moved to dismiss the defamation claim, without prejudice to refiling in state court, principally on the ground that it is not sufficiently related to the unlawful seizure claim to support the exercise of supplemental jurisdiction under 18 U.S.C. § 1367. I agree that supplemental jurisdiction does not extend to the defamation claim and therefore grant the motion to dismiss that claim without prejudice.[1]

---

[1] Defendant Fitzgerald also contends that even if supplemental jurisdiction were available with regard to the defamation claim, dismissal would be warranted because his defenses to the claim raise complex issues of Connecticut defamation law that should be left to the Connecticut courts. Because I conclude that jurisdiction is lacking, I do not reach this alternative ground for dismissal.

1

I.

The pro se complaint alleges the following.  On August 10, 2016, while serving plaintiff with a domestic violence warrant, defendant seized a motorcycle belonging to plaintiff and his son.  Compl. pp. 3, 10.  At some point that day, an unidentified caller dialed 911, id. p. 11, and reported that a person was entering or had entered the Bridgeport city annex building with an assault rifle.  ECF No. 138 ("Opp.") pp. 2-3.  Later that day, defendant told a reporter either that plaintiff "was the suspect into [the] 911 threat call," see Compl. p. 4, or was in fact the caller.  Opp. p. 2.  The next day, defendant told the press that plaintiff was the 911 caller.  Id. p. 10.[2]

The defendant's answer denies that the motorcycle was wrongfully seized and raises the affirmative defense that the motorcycle was removed from a public street for safekeeping because plaintiff lacked proof of ownership, registration and insurance.  ECF No. 132 p. 2-3.  The answer also denies that

---

[2] Plaintiff's brief in opposition to the motion to dismiss provides a somewhat different account.  It suggests that on August 10, defendant "formed a city search for Plaintiff" in response to the 911 call, found plaintiff at his brother's home, and seized the motorcycle while "taking plaintiff into custody for [the] threat call."  Id.  Only while plaintiff was in custody and being interrogated about the 911 call did defendant serve plaintiff with the domestic violence warrant.  Id. p. 5.

2

plaintiff was defamed and raises affirmative defenses of truth and qualified privilege.  Id. pp. 1, 3.

## II.

The supplemental jurisdiction statute provides that a federal court presented with both federal and state claims may hear the state claim if it is so related to the federal claim as to "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a). Claims form part of the same case for purposes of this statute if they "derive from a common nucleus of operative fact," the test adopted by the Supreme Court in United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966), to place a limit on state law claims that a plaintiff may join with a federal law claim.  See Jones v. Ford Motor Credit Co., 358 F.3d 205, 213 and n. 7 (2d Cir. 2004).  State and federal claims arise out of a common nucleus of operative fact when, as a practical matter, they are so related that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding."  Montefiore Med. Ctr. v. Teamsters Loc. 272, 642 F.3d 321, 332 (2d Cir. 2011)(quoting Gibbs, 383 U.S. at 725).  Applying this test, the Second Circuit has upheld the exercise of jurisdiction over state law claims when "the facts underlying the federal and state claims substantially overlapped," or "the federal claim necessarily brought the facts underlying the state claim before the court."

3

Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000). In contrast, it has found jurisdiction lacking when the claims "rested on essentially unrelated facts." Id.

Liberally construing plaintiff's pro se submissions, they fall short of demonstrating that the defamation claim and the claim based on the seizure of the motorcycle share a common nucleus of operative fact. The facts underlying the claim for wrongful seizure of the motorcycle do not substantially overlap with the facts underlying the claim for defamation. That the motorcycle was seized by defendant the same day he allegedly defamed plaintiff is insufficient. See Serrano-Moran v. Grau-Gaztambide, 195 F.3d 68, 70 (1st Cir. 1999) (affirming district court's finding that it lacked supplemental jurisdiction, because "[t]he facts and witnesses as to the two sets of claims are essentially different . . . nor does th[is] assessment change [depending on] whether the temporal proximity is little or great"); cf. United States v. Clark, No. 08 C 4158, 2010 WL 476637, at *2 (N.D. Ill. Feb. 3, 2010) (dictum) ("[T]he close temporal relationship between [two] [c]ounts . . . [is] only [a] rough prox[y] for the required operative commonality" to support supplemental jurisdiction). Even if, as only plaintiff's opposition brief suggests, defendant was situated to seize the motorcycle because he was seeking to take plaintiff into custody for the 911 call, the defamation claim remains insufficiently

4

related to the seizure claim to support supplemental jurisdiction.  The most that can be said is that one of the "officers" who joined defendant in searching for plaintiff, Opp. pp. 4-5, might turn out to be a witness both to the motorcycle's seizure and to the circumstances surrounding whatever statements defendant made about plaintiff and the 911 call.  This speculative possibility does not support a finding that the seizure and defamation claims are sufficiently related in terms of facts, evidence, and witnesses that plaintiff ordinarily would be expected to try them in one proceeding.  See Joyner v. Alston & Bird LLP, No. 20 Civ. 10093(AT)(GWG), 2021 WL 2149316, at *2 (S.D.N.Y. May 27, 2021), report and recommendation adopted, No. 20 Civ. 10093(AT)(GWG), 2021 WL 4296433 (S.D.N.Y. Sept. 21, 2021) ("[T]he district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction.  However, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." (citations and quotation marks omitted)); Parker Madison Partners v. Airbnb, Inc., 283 F. Supp. 3d 174, 178 (S.D.N.Y. 2017) (same).

    Accordingly, the motion to dismiss is hereby granted.

    So ordered this 31st day of March 2022.

_____
Robert N. Chatigny
United States District Judge