UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARVIN E. OWENS,
    *Plaintiff*,

v.

CAPTAIN FITZGERALD,
    *Defendant*.

No. 3:17cv657(MPS)

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, Marvin Owens, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against various Bridgeport police officers. On May 30, 2023, the case was transferred to me. ECF No. 157. The sole remaining claim is Plaintiff's claim that Captain Brian Fitzgerald unlawfully seized the Plaintiff's motorcycle after he was arrested.[1] Pending before the Court is the Defendant's motion for summary judgment under Fed. R. Civ. P. 56.[2] ECF No. 152. The Plaintiff has filed an opposition. ECF No. 154. For the reasons that follow, the Defendant's motion is granted.

**I.    FACTS**

---

[1] Judge Chatigny previously dismissed without prejudice the Plaintiff's state law defamation claim because it is not sufficiently related to the unlawful seizure claim to support the exercise of supplemental jurisdiction under 18 U.S.C. § 1367. See ECF No. 147.

[2] As a preliminary matter, the Defendant's motion, which was filed on May 18, 2022, was filed, without leave of court, well after the expiration of the dispositive motion deadline. See ECF No. 62. The Defendant did not discuss the deadline in his motion much less set forth good cause for the delay. The Plaintiff did not, however, object on this basis in his opposition nor has he alleged any prejudice from the filing of the motion. The record indicates that he has had a full and fair opportunity to respond. More importantly, upon review of the pending motion after the case was transferred to me, I determined that, although untimely, the motion was meritorious. To deny the motion on procedural grounds and summon in jurors to conduct an unnecessary trial would not serve the interests of justice. *See Todaro v. Siegel Fenchel & Peddy, P.C.*, 2008 WL 11446818, at *2 (E.D.N.Y. Aug. 11, 2008) (Court considered untimely dispositive motion because if the remaining claim "fails as a matter of law, for the sake of efficiency, preserving judicial resources, it should not be put to the jury."); *Greenwood v. Koven*, 880 F. Supp. 186, 191-92 (S.D.N.Y. 1995) (court decided to consider untimely motion to reconsider on the merits because not to do so "would be inefficient and wasteful…. The effect of not considering this motion on its merits, therefore, would be to make the parties engage in a lengthy and costly trial when the proper disposition of the case is now readily apparent. I decline to take that wasteful step."); Fed. R. Civ. P. 1 (court has an obligation to ensure that cases proceed in a manner "to secure the just, speedy, and inexpensive determination of every action and proceeding.") Under these circumstances, the interests of judicial economy militate in favor of consideration of the Defendant's motion and I exercise my discretion to do so.

The following facts are taken from the parties' Local Rule 56(a) Statements and exhibits.[3] The facts are undisputed unless otherwise indicated.

Prior to his arrest on August 10, 2016, the police received information that the Plaintiff was at his brother's house on 1042 Iranistan Avenue in Bridgeport. ECF No. 152-2 at ¶ 5; ECF No. 154 at 3 ¶ 5.[4] The police also had information that he would be operating a black Suzuki motorcycle. ECF No. 152-2 at ¶ 6; ECF No. 154 at 3 ¶ 6.[5] On August 10, 2016, the defendant, who was the Commander of the Bridgeport Police Department Detective Bureau, and other police officers arrested the Plaintiff at his brother's residence on Iranistan Avenue. ECF No. 152-2 at ¶¶ 2, 3; ECF No. 154 at 1-2 ¶¶ 2, 3.

---

[3] The Plaintiff submitted an affidavit in support of his opposition. ECF No. 154-1. The affidavit is not sworn and does not comply with 28 U.S.C. § 1746, but because he is self-represented, I will consider the relevant assertions as true to the extent they are otherwise admissible. *See Wilton Reassurance Life Co. of New York v. Smith*, 2015 WL 631973, at *10 (E.D.N.Y. Feb. 13, 2015) (stating that the Court, in its discretion, would consider the *pro se* defendant's unsworn statements to the extent they were not conclusory or otherwise inappropriate for consideration). I further note that the affidavit contains statements about matters that are not relevant to the seizure claim, such as the police's "interrogation of [him] about [a] 911 threat call" and the seizure of his dog. ECF No 154-1 ¶¶ 14, 16-17.

[4] Although the Plaintiff filed a Local Rule 56(a)2 statement, certain of his responses fail to comply with the rule, either because they do not squarely deny the stated fact and/or fail to cite to any record evidence. Local Rule 56(a)2 provides: "A party opposing a motion for summary judgment shall file and serve with the opposition papers a document entitled 'Local Rule 56(a)2 Statement of Facts in Opposition to Summary Judgment,' which shall include a reproduction of each numbered paragraph in the moving party's Local Rule 56 (a)1 Statement followed by a response to each paragraph admitting or denying the fact and/or objecting to the fact as permitted by Federal Rule of Civil Procedure 56(c) .... All admissions and denials shall be binding solely for purposes of the motion unless otherwise specified. All denials must meet the requirements of Local Rule 56(a)3…." Rule 56(a)3, in turn, provides that "each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible to trial." "Generally, when a party fails to appropriately deny facts set forth in the movant's Local Rule 56(a)(1) Statement, those facts are deemed admitted." *Martin v. Town of Simsbury*, 505 F. Supp. 3d 116, 124 (D. Conn. 2020); *see* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact ... the court may ... consider the fact undisputed for purposes of the motion[.]"); D. Conn. L. Civ. R. 56(a)(3) ("Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence[.]"). In addition, Rule 56 "does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute." *S.E.C. v. Glob. Telecom Servs., L.L.C.*, 325 F. Supp.2d 94, 109 (D. Conn. 2004). As required by Local Rule 56(b), the Defendant filed and served on the Plaintiff the required notice regarding summary judgment, ECF No. 152-4, and the Plaintiff therefore was on notice of these rules and of the consequences for failing to comply with them. Accordingly, where the Plaintiff has not properly denied the Defendant's statements of fact, I will deem those statements, if supported by record evidence, admitted for purposes of this motion.

[5] The Plaintiff does not deny this statement. Rather, he states that at the time of the arrest he was in his brother's house and was not operating the motorcycle. ECF No. 154 at 3 ¶ 6. But the Defendant does not dispute this, and as discussed below, the Fourth Amendment claim does not depend on whether he was operating the motorcycle.

2

At the time of the Plaintiff's arrest, his motorcycle, which was in "clean, mint condition," was parked on the street a block away. ECF No. 152-2 at ¶ 7; ECF No. 154 at 4 ¶ 7; ECF No. 154-1, Owens Aff. ¶ 19. See also ECF No 154-1, Owens Aff. ¶ 19 (Plaintiff avers that motorcycle was left parked on the street at a different location from where he was taken into custody); ECF No. 152-3, Fitzgerald Aff. ¶ 7 ("At the time of [Plaintiff's] arrest, officers located the black Suzuki motorcycle which Mr. Owens was operating parked on the street near the intersection of Laurel Avenue and Iranistan Avenue."). The motorcycle was parked on the street "in front of [his] friend's home" and had been parked there 45 minutes to an hour. ECF No. 154-1, Owens Aff. ¶ 19. The Plaintiff was not operating the motorcycle at the time of his arrest. ECF No. 154-1, Owens Aff. ¶ 20.

The motorcycle was not titled to the Plaintiff. ECF No. 152-2 at ¶ 9; ECF No. 154 at 5 ¶ 9. The motorcycle was titled to an individual named Derryl Mizeo Fisher of Albrightsville, Pennsylvania. *Id.* The motorcycle was not registered to the Plaintiff or Mr. Fisher. Rather, it was registered to a different individual - Desmond Bolzer of Wingdale, New York. ECF No. 152-2 at ¶ 10; ECF No. 154 at 5 ¶ 10. The motorcycle was not insured in Connecticut. ECF No. 152-2 at ¶ 12; ECF No. 154 at 6 ¶ 12. According to the Plaintiff, he recently purchased the motorcycle and "had yet to register or transfer title." ECF No. 154 at 10 ¶ 21. He states that the license plate, which belonged to the previous owner, was not attached to the motorcycle, but was located "under [the] motorcycle seat in storage compartment." ECF No. 154-1, Owens Aff. ¶ 21. The Plaintiff had not received any tickets or summons for motor vehicle infractions. ECF No. 154-1, Owens Aff. ¶ 21.

The Plaintiff was taken into police custody. ECF No. 152-2 at ¶ 4; ECF No. 154 at 2 ¶ 4. Before he was placed in the Defendant's cruiser, the Plaintiff asked if he could give the key to the

motorcycle to his brother. ECF 154-1, Owens Aff. ¶ 9. The Defendant allowed the Plaintiff to do so. ECF 154-1, Owens Aff. ¶ 10. The Plaintiff told his brother to "go and retrieve plaintiff's Suzuki motorcycle from friend . . . ." *Id.* The Defendant then placed the Plaintiff into the cruiser and took him to the police station. ECF No. 154-1, Owens Aff. ¶ 11. The Plaintiff was detained until the next day when he "ma[de] bond." ECF No. 154-1, Owens Aff. ¶ 15. He learned that the motorcycle had been seized. *Id.* At the time of his arrest, the motorcycle had been impounded and towed by Family Towing to their yard located on North Avenue. ECF No. 152-2 at ¶ 13; ECF No. 154 at 6 ¶ 13.

On August 17, 2016, the Plaintiff and his son went to the Bridgeport police station with the title and bill of sale for the motorcycle, but the police stated that the property was under investigation and refused to release it. ECF No. 154-1, Owens Aff. ¶ 22. On June 25, 2017, a state court judge issued an order for the return of the motorcycle but the "police refused." ECF No. 154-1, Owens Aff. ¶ 23.

On March 22, 2018, a police officer contacted the Plaintiff and told him he could pick up the motorcycle with no tow or storage fees. ECF No. 154-1, Owens Aff. ¶ 24. The Plaintiff had the motorcycle serviced "due to [it] being [in] storage[] for two years" and learned from the mechanic that the engine was "blown." ECF No. 154-1, Owens Aff. ¶ 25. The Plaintiff purchased the motorcycle for $6000. ECF No. 154-1, Owens Aff. ¶ 26. He paid $3500 for detailing and $700 for servicing after the motorcycle was returned. *Id.*

## II. LEGAL STANDARD

"Summary judgment is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (internal quotation marks and citations omitted). In reviewing the

summary judgment record, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 427 (2d Cir. 2013). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). "A genuine dispute of material fact exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Finally, where one party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them "to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted). Nonetheless, "unsupported allegations do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

## III. DISCUSSION

The Plaintiff alleges that the Defendant seized his motorcycle without probable cause in violation of the Fourth Amendment. ECF No. 1 at 7. The Defendant argues that he is entitled to summary judgment because the seizure did not violate the Fourth Amendment. Specifically, he

5

asserts that the motorcycle was impounded under the police's community caretaking function to safeguard the Plaintiff's property after he was taken into custody and because it was in violation of Connecticut's motor vehicle laws.

"It is well established that police have the authority, despite the absence of a warrant, to seize and remove from the streets automobiles in the interests of public safety and as part of their community caretaking functions – an authority that is beyond reasonable challenge." *United States v. Lyle*, 919 F.3d 716, 728 (2d Cir. 2019) (citing *South Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976) (internal quotations omitted)). "[P]olice may impound vehicles that are parked legally, particularly where … a vehicle will be inaccessible to its owner for an extended period - as a result of an arrest ... and at risk of theft, vandalism or other harm, so long as that step is reasonable under the circumstances." *United States v. Antonio Fabian*, 2019 WL 3578226, *6 (E.D.N.Y. 2019) (emphasis added). *See United States v. Mundy*, 806 F. Supp. 373, 376 (E.D.N.Y. 1992) (finding police's caretaking responsibilities "particularly important where a car would be unattended, even if legally parked, and the police have reason to believe that a suspect will be separated from his vehicle for a long period of time"). "Officers have no obligation to contact an absent third party before impounding, or to grant a defendant's request to make arrangements to secure the vehicle." *United States v. Zimmerman*, 480 F. Supp. 3d 446, 453 (E.D.N.Y. 2020). "[W]hether a decision to impound is reasonable under the Fourth Amendment is based on all the facts and circumstances of a given case." *Lyle*, 919 F.3d at 731 (internal quotation marks and citation omitted).

The Plaintiff argues that the Defendant could not legally impound the motorcycle because the Plaintiff was not operating it at the time of his arrest. See ECF No. 154 at 9 (characterizing defendant's argument as meritless because the plaintiff "wasn't operating nor in possession of property" at the time of his arrest). But the law does not restrict an officer's caretaking actions to

that scenario. In other words, it is not necessary that a party be operating the vehicle in question to permit the police to take custody or control of it under the community caretaking exception. Nor does it matter, despite the Plaintiff's assertions, whether the Plaintiff was ticketed for driving or parking illegally.

Here, it is undisputed that the motorcycle was parked on a public street, and that it did not have a license plate affixed to it and was uninsured. As a result, under Connecticut state law, it could not be legally operated.[6] *See* Conn. Gen. Stat. § 14-18(a)(1)[7] (motorcycle is required to have license plate fastened in "conspicuous place" at the rear of the motorcycle so that it is plainly visible and legible from behind the cycle); Conn. Gen. Stat. § 14-289f[8] (prohibiting operation of a motor vehicle without required insurance). So, although the Plaintiff suggests that his brother could have driven the motorcycle to a different location, he could not have done so legally. *See United States v. Antonio Fabian*, 2019 WL 3578226, at *6 (E.D.N.Y. Aug. 6, 2019) ("whether or not [the Jeep] was parked legally is irrelevant as the community caretaking function still applies. As noted above, the Jeep did not have proper plates . . . . It was appropriate to impound [the vehicles] following Defendant's arrest and not leave them on the street for an indefinite period, as a reasonable exercise of law enforcement's 'community caretaking' responsibilities"); *see also United States v. Cartwright*, 630 F.3d 610, 616 (7th Cir. 2010) (impoundment of vehicle after driver was arrested did not violate Fourth Amendment because "no one could have lawfully driven [the] car from the scene, as it did not have the functional license plate lamp required by Indiana

---

[6] The Court can take judicial notice of Connecticut's motor vehicle laws. *Robinson v. Wentzell*, No. 3:18CV274(SRU), 2019 WL 1207858, at *6 (D. Conn. Mar. 14, 2019) (noting that it is "proper to take judicial notice of any pertinent state statutes").

[7] Conn. Gen. Stat. § 14-18(a)(1) provides in pertinent part: "Each motor vehicle for which one number plate has been issued shall, while in use or operation upon any public highway, display in a conspicuous place at the rear of such vehicle the number plate."

[8] Conn. Gen. Stat. § 14-289f provides in pertinent part: "No owner of any motorcycle, as defined in section 14-1, registered in this state may operate or permit the operation of such motorcycle unless it has been insured for the amounts required by section 14-112 . . . ."

law." (citing Indiana statute)); *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("[I]mpoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location."); *United States v. Sanchez*, 535 F. Supp. 2d 216, 222 (D. Mass. 2008), *aff'd*, 612 F.3d 1 (1st Cir. 2010) (defendant's argument that impoundment was illegal because motorcycle was "legally parked" failed because "it would prevent the police from towing a car that violates a state statute and cannot legally be driven in its current form, merely because it happened to comply with parking regulations. The motorcycle here could not have been ridden by anyone unless it was re-registered and the offending plates removed. Towing was the only alternative. The officer had no obligation to wait for Sanchez to make his own arrangements."). In addition, the Plaintiff had been arrested and taken into custody. If not impounded, the motorcycle would have been left unattended and therefore subject to vandalism or theft. "[A] car that is legally parked in a public place, such as a street or parking lot, but that will be inaccessible to its owner for an extended period - as a result of an arrest, for example - may also be impounded in order to safeguard the vehicle if such a step is reasonable under the circumstances." *United States v. Barrios*, 2007 WL 3256945, at *2 (S.D.N.Y. Nov. 1, 2007), *aff'd*, 374 Fed. App'x 56 (2d Cir. 2010); *see United States v. Mundy*, 806 F. Supp. 373, 376 (E.D.N.Y. 1992) (finding police's caretaking responsibilities "particularly important where a car would be unattended, even if legally parked, and the police have reason to believe that a suspect will be separated from his vehicle for a long period of time"). "[B]ased on all the facts and circumstances," *Lyle*, 919 F.3d at 731, the impoundment falls squarely within the police's community caretaking function and therefore the Plaintiff's unlawful seizure claim fails.

## IV.     CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment (ECF No. 152) is granted.  The motion for immediate trial (ECF No. 145) is denied as moot; the motion to serve (ECF No. 153) is denied because it was filed well after the close of discovery.  See ECF Nos. 62, 121. The Clerk of the Court is directed to enter judgment in favor of the Defendant and close the case.

IT IS SO ORDERED.

                                                    /s/
                                    Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       August 29, 2023